**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVELYN DEJESUS AND XAVIER O. PUNTIEL,<br><br>*Plaintiffs*,<br><br>-against-<br><br>CITY OF YONKERS; COUNTY OF WESTCHESTER, and YONKERS POLICE OFFICERS JOHN DOES #1-20, in their official and individual capacities,<br><br>*Defendants*. | Case No.<br><br>**COMPLAINT and DEMAND JURY TRIAL** |

Plaintiffs EVELYN DEJESUS AND XAVIER O. PUNTIEL ("Plaintiffs"), by and through their attorney, Mohammed Gangat, Esq., as and for their Complaint against defendants CITY OF YONKERS; COUNTY OF WESTCHESTER, and YONKERS POLICE OFFICERS JOHN DOES #1-20, in their official and individual capacities (collectively, "Defendants"), allege as follows:

### PRELIMINARY STATEMENT

1.      The identities/names of the twenty police officers from the City of Yonkers Police Department named herein as John Doe and responsible for the violations of law detailed below, are unknown to Plaintiffs. Accordingly, Plaintiff hereby puts the City of Yonkers on notice that the City is responsible for providing notice to these officers of this lawsuit, and providing Plaintiffs with sufficient discovery in order to identify their names and amend this complaint accordingly.

2.      This is a civil rights action in which Plaintiffs seek monetary relief pursuant to 42 U.S.C. §§ 1983, for Defendants' violations of their rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, as well as for parallel violations under the New York State Constitution, Article I, § 12, and for New York common law torts committed against them.

1

3.     Plaintiffs' claims arise from the reprehensible misconduct of Yonkers Police Department officers towards them on April 6, 2019 and its aftermath, in which Defendants, acting under color of state law, violated Plaintiffs' rights under the United States and New York State Constitutions and also committed numerous common law torts under New York law.

4.     Plaintiff seeks compensatory and punitive damages, an award of attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a) and (4) and over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a)

6.     The federal civil rights claims in this action are brought pursuant to 42 U.S.C. §§ 1983 and 1988, for violations of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

7.     An award of attorneys' fees is authorized pursuant to 42 U.S.C. § 1988 and under New York common law.

8.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2) as at least one of the Defendants reside in this district and a substantial part of the events and/or admissions were committed in this district.

## DEMAND FOR JURY TRIAL

9.     Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury in this action.

## PARTIES

10.     At all times hereinafter mentioned, plaintiff Evelyn Dejesus ("Evelyn"), was an

adult and resided in Westchester County in the State of New York.

11.     At all times hereinafter mentioned, plaintiff Xavier O. Puntiel ("Xavier"), was an adult and resided in Westchester County in the State of New York.

12.     At all times hereinafter mentioned, Defendant City of Yonkers, was a duly constituted municipal corporation organized under the laws of the State of New York.

13.     The Yonkers Police Department was and is an agency or department of Defendant Yonkers.

14.     At all times hereinafter mentioned, Defendant County of Westchester ("County") was and is a county organized under the laws of the State of New York.

15.     At all times relevant hereto, Defendants City of Yonkers and County, acting through the Yonkers Police Department and District Attorney's office and all the individual Officer Defendants were acting under color of state law.

16.     The conduct of all the individual officer Defendants was willful, wanton, and/or reckless, entitling Plaintiffs to punitive damages, in addition to compensatory damages.

17.     At all times relevant hereto, John Does Yonkers Police Officer #1-20, all of whose names are known to the City of Yonkers and the County, were police officers in the City of Yonkers, and as such were acting within the scope of their employment and under color of state law and in their capacities as agents, servants and employees of the County acting under the direction of the County and City of Yonkers.

18.      Defendants City of Yonkers and County of Westchester are thus responsible for their actions, and liable for all damages to Plaintiffs with the exception of punitive damages under the doctrine of *respondeat superior* for the individual Defendants' violation of Plaintiffs' state constitutional rights and for their common law torts.

19.     Defendants City of Yonkers and County of Westchester were also responsible for

the policy, practice, custom, supervision, implementation, and conduct of all police and prosecutorial matters as well as for the appointment, training, supervision, discipline and retention and conduct of all police and District Attorney's office personnel. These Defendants thus have *Monell* liability for the individual Officer defendants' violations of Plaintiff's rights under the United States Constitution.

## STATEMENT OF FACTS

20.    Plaintiff Evelyn Dejesus is the mother of Plaintiff Xavier O. Puntiel and at the time the events giving rise to this lawsuit occurred they were living together in Westchester County.

21.    On April 6, 2019 both Plaintiffs were at home sleeping along with Xavier's girlfriend when approximately 20 Yonkers Police Officers, showed up at their front door at 5am and knocked on the front door waking up Plaintiffs.

22.    Xavier came to the door and, after an officer identified himself as a Yonkers police officer, Xavier asked him whether they had a warrant. The officer answered that they did not.

23.    The officer then threatened to break the door down and with the assistance of other officers broke down the door and all 20 officers, Defendant Yonkers Police Officers John Does #1-20 ("officers") rushed inside Plaintiffs' home.

24.    Once inside the officers also broke down the bathroom and a bedroom door.

25.    The officers put Plaintiffs into a room and threw them onto the floor before placing their knees on Plaintiffs' necks and backs.  While Plaintiffs were screaming in pain, the officers were hitting them with their hands and yelling for them to "Shut the fuck up."

26.    Then the officers dragged Plaintiffs, still dressed in their pajamas and barefoot, into waiting police cars outside.

27.    They did not arrest Xavier's girlfriend who is white, while Plaintiffs are Puerto

Rican.

28.     At the precinct they were [formally arrested and?] booked at around 6am and went before a judge at 3pm. They both were immediately released without having to pay any bail.

29.     The next day Plaintiff Evelyn Dejesus went to St. Joseph's Hospital where she was diagnosed and treated for scratches and bruising. She received a pain injection and was given pain killers. She followed up with her doctor later that week who gave and prescribed more pain killers for her.

30.     Plaintiff Xavier Puntiel also went to St. Joseph's Hospital the next day, where he was also diagnosed and treated for scratches and bruising. Like his mother, he also was given pain killers.

31.     Afterwards, Evelyn lost her job because the Yonkers Police Department sent a letter to her employer stating that she had been arrested for a felony. They immediately fired her.

32.     When Evelyn then applied for home attendant jobs they were able to see the record of her felony arrest and rejected her application.

33.     Over the next two years Evelyn and Xavier went to court multiple times to contest the charges against them, which were dismissed after about two years.

34.     Even with her acquittal Evelyn has not been able to go back the job she lost because of the arrest by Defendants and has been unemployed.

35.     In the course of her violent arrest by Defendant officers and ever since, Evelyn has been suffering from severe emotional distress and anxiety over her future.

36.     In the course of his violent arrest by Defendant officers, Xavier has also been suffering from severe emotional distress.

37.     Despite reasonable opportunity to do so, at no point did any of the individual Officer defendants intervene in the unreasonable seizure and false arrest of Plaintiffs.

5

38.     At no point did the individual Officer defendants have probable cause to search, seize, and falsely imprison Plaintiffs.

39.     At no point did Plaintiffs violate any law, regulation, administrative code, commit any criminal act, or act in a suspicious and unlawful manner prior to or during the above false imprisonment.

40.     At no time prior to, during, or after the above incidents were the individual Defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that Plaintiffs had violated any law or committed any criminal act.

41.     Plaintiffs were falsely arrested at the precinct under fabricated charges.

42.     Evelyn was charged with Assault in the Second Degree and Objection of Government Administration.

43.     Xavier was charged with resisting arrest and obstructing government administration.

44.     All of these charges were dismissed, and Plaintiffs were never found guilty of committing any crime related to this illegal search, seizure, arrest and prosecution.

45.     The accusatory instruments against Plaintiffs were signed by one of the Individual Defendants.  The City of Yonkers Police Department and individual Officer defendants failed to reasonably investigate these accusations and seek corroborating evidence.

46.     The accusations were materially false as related to Plaintiffs and Defendants should have known them to be materially false.

47.     While Plaintiffs were in the defendants' custody, one or more of the defendants forwarded, or caused to be forwarded, the arrest paperwork, and possibly other documentation, containing these materially and fundamentally false allegations to the district attorney.

48.     The purpose of transmitting the documentation concerning Plaintiffs' arrest to the

District Attorney was to ensure that the district attorney would initiate Plaintiffs' criminal prosecution.

49.     Plaintiffs were arraigned and criminally charged based on a materially deficient accusatory instrument, as it failed to speak to any investigation or findings of any crime.

50.     The aforesaid violations of Plaintiffs' rights are not an isolated incident. Defendants City of Yonkers and Westchester County are aware from lawsuits, notices of claims, and complaints, that many members of the Yonkers Police Department are insufficiently trained, and such improper training has often resulted in a deprivation of civil rights. Despite such notice, the City of Yonkers and Westchester County have failed to take corrective action. This failure caused the Defendants to violate Plaintiffs' rights and cause substantial injury.

51.     At all times, Defendants City of Yonkers and Count of Westchester, by the Yonkers Police Department and its agents, servants and/or employees, carelessly, and recklessly trained the individual Defendants for the position of police officer.

52.     At all times Defendants City of Yonkers and County of Westchester, by the Yonkers Police Department and its agents, servants and/or employees caused, permitted and allowed the individual Officer defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

53.     At all times Defendants City of Yonkers and County of Westchester, by the Yonkers Police Department and its agents, servants and/or employees carelessly, and recklessly retained in their employ, the individual Officer defendants, who were clearly unfit for their positions, and acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

54.     At all times relevant herein, the individual Officer defendants acted under the color of state law and within the scope of their employment in furtherance of the interests of the City of

Yonkers, its Police Department and the County of Westchester without legal justification or excuse.

55.     As a direct and proximate result of the Defendants' conduct described above, including the unreasonable seizure, false arrest, excessive force, detainment, and the malicious prosecution of Plaintiffs, Plaintiffs suffered physical injuries, pain and suffering, extreme emotional distress, loss of enjoyment of life, economic loss, humiliation and embarrassment, legal costs, and more.

**FIRST CAUSE OF ACTION**
**Unlawful Seizure/False Arrest**
**Against the Individual Officer Defendants John Does #1-20**
*Pursuant to 42 U.S.C. § 1983 for Defendants Violations of Plaintiffs' Rights Under the*
*Fourth and Fourteenth Amendments to the United States Constitution*

56.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

57.     The individual Officer defendants willfully and intentionally seized, searched, detained, and arrested plaintiffs, and caused them to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

58.     Plaintiffs had not engaged in any criminal conduct prior to or on the date of their arrests, nor were they engaged in any conduct that could reasonably be viewed as criminal.  Despite the absence of sufficient legal cause, Plaintiffs were arrested and jailed.

59.     To the extent that any of the individual defendants did not affirmatively engage in this conduct, each such defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on Plaintiffs, but failed to intervene in any way.

60.     By so doing, the individual Officer defendants subjected plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under

the Fourth Amendment of the United States Constitution.

61.     The intentional acts and negligence of the individual Defendant Officers, committed under color of law and under their authority as Yonkers police officers in their individual and official capacities and within the scope of their employment, violated the Plaintiffs' rights guaranteed by  the Fourth and Fourteenth Amendments of the United States Constitution.

62.     As a direct and proximate result of the misconduct and abuse of authority detailed above, the individual Officer Defendants deprived Plaintiffs of their federal, state, and/or other legal rights; caused Plaintiffs bodily injury, pain, suffering, psychological and/or emotional injury, and/or otherwise damaged and injured Plaintiffs for which they are entitled to compensatory damages.

63.     The unlawful conduct of the individual Officer Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature the punitive damages should be imposed against them.

**SECOND CAUSE OF ACTION**
**Excessive Force**
**Against the Individual Officer Defendants John Does #1-20**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiffs' Rights Under*
*the Fourth and Fourteenth Amendments to the United States Constitution*

64.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

65.     The individual Officer Defendants' use of force against Plaintiffs was unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

66.     As a result of these Defendants' acts and omissions, Defendants deprived Plaintiffs of their federal, state, and/or other legal rights; caused Plaintiffs bodily injury, pain, suffering, psychological and/or emotional injury, and/or otherwise damaged and injured Plaintiffs for which

they are entitled to compensatory damages.

67.     The unlawful conduct of the individual Officer Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature the punitive damages should be imposed against them.

**THIRD CAUSE OF ACTION**
**Lack of Due Process**
**Against the Individual Officer Defendants**
*Pursuant to 42 U.S.C. § 1983 for Defendants' Denial of Plaintiff's Rights to a Fair Trial Under the Fourth, Sixth and Fourteenth Amendments of the U.S Constitution*

68.     Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

69.     The individual Officer Defendants willfully and intentionally conducted a deficient and incomplete investigation, leading to the individual Officer defendants knowingly memorializing false claims that plaintiff engaged in criminal or unlawful activity, and then forwarded these materially false claims to the District Attorney in order to justify their arrest of Plaintiffs, and to justify, bring about and cause Plaintiffs to be deprived of their liberty and to be criminally prosecuted.

70.     To the extent that any of the individual Officer Defendants did not affirmatively engage in this conduct, each such Defendant was aware of his or her fellow officers' misconduct, had ample opportunity to intervene and prevent or limit the constitutional harms being visited on the plaintiff, but failed to intervene in any way.

71.     By so doing, the individual Officer Defendants subjected the plaintiff to the denial of a fair trial and violation of his right to due process fabricating evidence and otherwise providing prosecutors with a materially false and misleading version of events, and thereby violated plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

10

72.     As a result of these Defendants' acts and omissions, Defendants; caused Plaintiffs bodily injury, pain, suffering, psychological and/or emotional injury, and/or otherwise damaged and injured Plaintiffs for which they are entitled to compensatory damages.

73.     The unlawful conduct of the individual Officer Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### FOURTH CAUSE OF ACTION
**Municipal and County Liability**
**Against Defendants City of Yonkers and County of Westchester**
*Pursuant to 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978) for Defendants' Violations of Plaintiff's Rights Under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution*

74.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

75.     The aforesaid constitutional violations are not an isolated incident and were proximately caused by one or more policies, practices and/or customs of Defendant City of Yonkers, its Police Department, and Defendant County and Westchester, including the practice of failing to conduct a reasonable investigation when submitting accusatory instruments on felony charges.

76.     Upon information and belief, it was the policy, practice and/or custom of the Defendant City of Yonkers, its Police Department, and Defendant County of Westchester to inadequately and improperly investigate complaints of unlawful search and seizure, use of excessive force, false arrest, assault and battery, among other misconduct by individual Yonkers Police Department.

77.     Upon information and belief, it was the policy, practice and/or custom of the Defendant City of Yonkers, its Police Department, and Defendant County of Westchester to fail

to train, supervise and/or discipline police officers so as to prevent them from committing acts of misconduct and abusing their authority.

78.     Upon information and belief, it was the policy, practice, and/or custom of the Defendant City of Yonkers, its Police Department, and Defendant County of Westchester to unlawfully search and seize innocent persons.

79.     Upon information and belief, it was the policy, practice, and/or custom of the Defendant City of Yonkers, its Police Department, and Defendant County of Westchester to use excessive force in effectuating arrests.

80.     Upon information and belief, it was the policy, practice, and/or custom of the Defendant City of Yonkers, its Police Department, and Defendant County of Westchester to falsely arrest and unreasonably detain innocent members of the public to meet "productivity goals" or "arrest quotas".

81.     Upon information and belief, it was the policy, practice, and/or custom of the Defendant City of Yonkers, its Police Department, and Defendant County of Westchester to manufacture false evidence against innocent persons to justify the abuse of authority in unlawfully stopping and falsely arresting such individuals.

82.     Upon information and belief, it was the policy, practice, and/or custom of the Defendants to maliciously prosecute innocent persons.

83.     The Defendants City of Yonkers and County of Westchester were aware of the aforesaid unconstitutional policies, practices and customs through the repeated occurrences of similar wrongful conduct documented in civil rights actions filed in the Eastern District of New York as well as in New York State courts. As a result, Defendants City of Yonkers and County and permitted, tolerated, and were deliberately indifferent to acts of misconduct.

84.     As a result, Defendants City of Yonkers and County of Westchester, acting under

color of state law, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

85.     As a direct and proximate result thereof, Plaintiffs have been injured and are entitled to compensatory damages from these Defendants.

### FIFTH CAUSE OF ACTION
**Malicious Prosecution**
**Against All Defendants**
***Pursuant to 42 U.S.C. § 1983 for Defendants' Denial of Plaintiff's Rights Under the Fourth and Fourteenth Amendments of the United States Constitution***

86.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

87.     Defendants' unlawful actions, committed under color of state law, were done willfully, knowingly, with malice and with intent to deprive the Plaintiff of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments.

88.     The Defendants maliciously commenced criminal proceedings against the Plaintiff knowing that there was not corresponding probable cause and knowing that the underlying facts did not justify any charges..

89.     After two years of Court proceedings, Plaintiffs obtained dismissal of all charges against them.

90.     As a direct and proximate result of the Defendants' unlawful conduct, the Plaintiff are entitled to compensatory and punitive damage, as well as attorneys' fees and costs pursuant to 42 U.S.C. § 1088.

### SIXTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**Against All Defendants**

91.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

13

92.     The individual Officer defendants acted outrageously in violating Plaintiffs' rights that caused them severe and extreme emotional distress.

93.     As a consequence of Defendants' illegal actions Plaintiffs were deprived of their freedom, subjected to serious harm, fear, personal humiliation, economic loss, and continue to suffer from mental and emotional distress.

94.     At all relevant times, all the individual Officer Defendants were acting under color of state law.

95.     The conduct of all the individual officer Defendants was willful, wanton, and/or reckless, entitling Plaintiffs to punitive damages, in addition to compensatory damages.

96.     At all relevant times, the individual officer Defendants were employees of the City of Yonkers and County of Westchester, and were acting within the scope of their employment. Defendants City of Yonkers and County of Westchester are thus responsible for their actions, and liable for all damages to Plaintiffs with the exception of punitive damages under the doctrine of *respondeat superior*.

**SEVENTH CAUSE OF ACTION**
**Unlawful Seizure and Detention**
**Against All Defendants**
***For Defendants' Violations of Article I, §12 of the New York State Constitution***

97.     Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

98.     The individual Officer Defendants seized and/or then unlawfully detained Plaintiffs, New York residents, without the reasonable articulable suspicion of criminality required by Section 12 of Article I of the New York State Constitution.

99.     As a result of these abuses, Plaintiffs, all New York residents, were deprived of their liberty, property, and constitutional rights under the New York State Constitution.

100.    At all relevant times, all the individual Officer Defendants were acting under color of state law.

101.    The conduct of all the individual officer Defendants was willful, wanton, and/or reckless, entitling Plaintiffs to punitive damages, in addition to compensatory damages.

102.    At all relevant times, the individual officer Defendants were employees of the City of Yonkers and County of Westchester, and were acting within the scope of their employment. Defendants City of Yonkers and County of Westchester are thus responsible for their actions, and liable for all damages to Plaintiffs with the exception of punitive damages under the doctrine of *respondeat superior*.

**EIGHTH CAUSE OF ACTION**
**Excessive Force**
**Against all the Defendants**
***For Defendants' Violations of Article I, §12 of the New York State Constitution***

103.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

104.    Individual Officer Defendants used unjustified and excessive force against Plaintiffs proximately causing them physical and psychological injury, in violation of Section 12 of Article I of the New York State Constitution.

105.    At all relevant times, the individual Officer Defendants were acting under color of state law.

106.    The conduct of the individual Officer Defendants was willful, wanton, and reckless entitling Plaintiffs to punitive damages against these Defendants in addition to compensatory damages.

107.    In using excessive force against Plaintiffs, all residents of New York,  the individual Officer Defendants were acting within the scope of their employment. Defendants City of Yonkers

and County of Westchester, as the employers of these Yonkers police officers, are thus responsible for the wrongdoing of these police officers under the doctrine of *respondeat superior*, and are thus liable for all damages with the exception of punitive damages.

## NINTH CAUSE OF ACTION
### New York Common Law Battery
### Against all the Defendants

108.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

109.    The individual Officer Defendants in the course of their misconduct described above placed Plaintiffs in fear of imminent harmful or offensive contact proximately causing them physical and psychological injury. Such contact would have been without provocation or privilege.

110.    At all relevant times, the individual Officer Defendants were acting under color of state law.

111.    The conduct of the individual Officer Defendants was willful, wanton, and reckless entitling Plaintiffs to punitive damages against these Defendants in addition to compensatory damages.

112.    In assaulting Plaintiffs, all residents of New York, the individual Officer Defendants were acting within the scope of their employment. Defendants City of Yonkers and County of Westchester, as the employers of these Yonkers police officers, are thus responsible for the wrongdoing of these Yonkers police officers under the doctrine of *respondeat superior*, and are liable for all damages with the exception of punitive damages.

## TENTH CAUSE OF ACTION
### New York Common Law Battery
### Against all the Defendants

113.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

16

114.    The individual Officer Defendants in the course of their misconduct described above made harmful or offensive contact with Plaintiffs proximately causing them physical and psychological injury. Such contact would have been without provocation or privilege.

115.    At all relevant times, the individual Officer Defendants were acting under color of state law.

116.    The conduct of the individual Officer Defendants was willful, wanton, and reckless entitling Plaintiffs to punitive damages against these Defendants in addition to compensatory damages.

117.    In committing battery against Plaintiffs, all residents of New York,  the individual Officer Defendants were acting within the scope of their employment. Defendants City of Yonkers and County of Westchester, as the employers of these Yonkers police officers, are thus responsible for the wrongdoing of these Yonkers police officers under the doctrine of *respondeat superior*, and are liable for all damages with the exception of punitive damages.

## ELEVENTH CAUSE OF ACTION
### New York Common Law False Arrest/False Imprisonment
### Against all the Defendants

118.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

119.    In effectuating the arrest and ensuing detention of Plaintiffs on April 6, 2019, all the individual Officer Defendants intentionally arrested and/or confined Plaintiffs without reasonable or probable cause, illegally and without a written warrant, and without any right or authority to do so. Plaintiffs were conscious of the confinement and it was without their consent.

120.    The conduct of all the individual Officer Defendants in so doing was willful, wanton, and/or reckless entitling all Plaintiffs to punitive damages against these Defendants, in addition to compensatory damages.

121.    At all relevant times, the individual Officer Defendants in their misconduct towards Plaintiffs, residents of New York, were acting within the scope of their employment. Defendants City of Yonkers and County of Westchester, as the employers of these Yonkers police officers, are thus responsible for the wrongdoing of the police officers under the doctrine of *respondeat superior*, and are liable for all damages with the exception of punitive damages.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants as follows:

(A)    compensatory damages in an amount to be determined at trial;

(B)    punitive damages in an amount to be determined at trial;

(C)    an order awarding Plaintiffs reasonable attorneys' fees and costs under 42. U.S.C. § 1988 and New York common law; and

(D)    such other further relief as the Court may deem just and proper.


Dated:  New York, New York
        April 2, 2022


                                        **LAW OFFICE OF MOHAMMED GANGAt**

                            By:

                                        _____
                                        Mohammed Gangat, Esq.
                                        675 3rd Avenue, Suite 1810
                                        New York, NY
                                        (718) 669-0714
                                        mgangat@gangatpllc.com

                                        *Attorneys for Plaintiffs Evelyn Dejesus*
                                        *and Xavier O. Puntiel*


18